## Shrimpton Manufacturing Company v. Sam Brin.

Decided February 23, 1910.

**Contract—Sale—Mistake.**

A merchant ordered from manufacturers 11,000 cards of needles with his advertisement printed on the cards. Before filling it, the latter, sending him a copy of his order, requested him to check it over carefully and make any changes or corrections desired, to which he replied: "I have checked this all over carefully and find it correct in every particular." Held that the purchaser was bound to accept and pay for the quantity ordered, though he intended and understood the order to be for 11,000 needles and not for 11,000 cards of needles.

Appeal from the County Court of Brown County. Tried below before Hon. A. M. Brumfield.

*Jenkins & McCartney,* for appellant.—The evidence wholly failing to show any fraud on the part of the plaintiff, it is not responsible for any mistake made by the defendant, and judgment should be rendered for plaintiff. Shrimpton v. Brice, 15 So., 452; Bevins v.

Coates, 96 S. W., 585; James v. Dalbey, 78 N. W., 51; Brown v. Levy, 29 Texas Civ. App., 389; Beck v. Pauli Lith. Co., 16 So., 523; Davis v. Stone, 131 Mass., 384; Cabot v. Winsor, 1 Allen, 546; 9 Cyc., 774; Page on Contracts, sec. 64; Curtis v. Kelley, 24 Texas Civ. App., 540.

*Harrison & Wayman,* for appellee.—Appellant knew that appellee understood its offer in a different sense from that in which it was made, and without explanation permitted him to accept under this erroneous impression, and there was, therefore, no meeting of the minds of the parties and consequently no contract. Shrimpton v. Rosenbaum, 63 N. W., 1011; Clark on Contracts, 303; 9 Cyc., 396; Shook v. Puritan Mfg. Co., 8 L. R. A. (N. S.), 1043; Shrimpton v. Netzorg, 62 N. W., 343; Kendrick v. Life Ins. Co., 70 Am. St. Rep., 596; 2 Paige on Contracts, 1127; Inman Mfg. Co. v. American Cereal Co., 8 L. R. A. (N. S.), 1141.

FISHER, CHIEF JUSTICE.—Whatever uncertainty there may exist in the order referred to in the statement of facts as Exhibit "A" was removed by the letter addressed to appellee, known as Exhibit "C" in the statement of facts, and set out on page 8, in which letter the appellee was requested to check over carefully and make any changes that he may desire, and if correct, sign and return to the appellant. Appellee wrote under this request to the effect that "I have checked this all over carefully and find it correct in every particular," and signed the same and forwarded to appellant. It is clear from the terms of that letter that this was required to be done in order to complete the order for the needles, and we take it and construe it to be a part of the original order. This order is explicit in calling appellee's attention to the fact that the contract called for 11,000 gold-eyed needle cards, and there is no uncertainty and ambiguity in its terms. Holding it to be a part of the contract, the appellee can not avoid its effect unless he was misled and deceived in executing and signing it. He admits that he read a part of the order, but did not read it all. The appellant made no representation to him as to its contents, nor did the appellant make any statement calculated to induce him not to read it and fully inform himself of its contents. Of course, there are cases to the effect, like American F. L. Mortgage Co. v. Pace, 23 Texas Civ. App., 222, that a party is not always guilty of negligence in not fully informing himself of the terms of the contract; or he would not be estopped from asserting that the contract was different from that as written where he has been misled or representations made that would induce him not to read it, but there is nothing of the kind in this case. The contract being clear and explicit, he can not be relieved from its effect merely by the claim that he was mistaken in the order, or did not intend to buy 11,000 cards of needles, but his intention was merely to purchase 11,000 needles. There is no evidence tending to show that appellant was aware of such intention upon the part of appellee, or that the appellee had executed the order under the mistaken belief

that it only called for 11,000 needles. In fact, upon the contrary, the last instrument referred to specially requested him to read it over carefully and to correct any mistake. He replied to that and stated, "I have checked this all over carefully and find it correct in every particular." This case is very similar to that of Coates v. Early, 24 S. E., 305.

Entertaining these views, we are of the opinion that the judgment of the trial court should be reversed and here rendered in favor of appellant for the amount sued for.

*Reversed and rendered for appellant for amount of debt and interest.*